UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　:　　MEMORANDUM AND ORDER
　　　　　　　　　　　　　　　　　　　　:　　15-CR-362
FAITH JOSEPH,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　:
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 15, 2016, Defendant Faith Ronella Joseph pled guilty to Importation of Cocaine, Count One of a two-count indictment, pursuant a plea agreement. Plea Hearing, ECF Jan. 15, 2016; Plea Agree. ¶ 1, ECF No. 14. The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to twelve months and one day of incarceration followed by one year of supervised release, and the mandatory $100.00 special assessment.

## BACKGROUND

On January 15, 2016, Faith Ronella Joseph ("Defendant") pled guilty to Importation of Cocaine, Count One of a two-count indictment, pursuant a plea agreement. Plea Hearing, ECF Jan. 15, 2016; Plea Agree. ¶ 1. The Court hereby sentences Defendant and sets forth its reasons pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

Section 3553 of Title 18 of the United States Code outlines the procedures for imposing sentence in a criminal case. When the District Court imposes a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

1

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). Section 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant. The Court addresses each of the seven 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor considers "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court's sentence is justified under this factor.

On June 29, 2015, Defendant arrived at John F. Kennedy international Airport in Queens, New York, from Georgetown, Guyana. Presentence Investigation Report ("PSR") ¶ 3, ECF No. 15. Defendant presented a pocketbook and carry-on bag for a Customs and Border Protection examination. *Id.* Inspection of the pocketbook revealed two clear, plastic envelopes lining the sides of the pocketbook. *Id.* A subsequent search of the carry-on bag revealed two more envelopes in a false bottom of the suitcase. *Id.* These envelopes contained at least two kilograms of cocaine. *Id.* ¶¶ 3–4. Following her arrest, Defendant admitted to smuggling cocaine into the United States for $5,000.00. *Id.* ¶ 5.

Defendant admitted to a complex conspiracy.[1] Individual 1 recruited Defendant to smuggle drugs, because she is a United States citizen. *Id.* ¶ 5. Two weeks prior to her Guyana trip, Individual 3 contacted Defendant to discuss the drug smuggling. *Id.* ¶ 6. Defendant stayed with Individuals 3 and 4 during her time in Guyana. *Id.* Individual 4 gave Defendant the drugs contained in her pocketbook and carry-on bag. *Id.* Individual 2 purchased Defendant's return flight to the United States. *Id.* ¶ 5. Upon arrival into the United States, Defendant was to take a cab to Individual 5's apartment, and Individual 5 would pay for her cab fare. *Id.* ¶ 6. Defendant admits that she was to be paid $5,000.00 for her involvement. *Id.* ¶ 5. Defense counsel argues that Defendant's then-boyfriend, who appears to be Individual 3, persuaded and then threatened her to smuggle cocaine into the United States, promising Defendant that it would be "easy money" and she would not get caught. Def. Sentencing Mem. at 2, ECF No. 17; *see also* Def. Letter, ECF No. 17-1 ("I agreed to do a drug smuggling trip for [a man I thought loved me], and decided I was done.").

Defendant also admits to another April 2015 trip, in which she smuggled cocaine into the United States for $2,500.00. PSR ¶ 7. Her U.S. passport confirms a trip to Guyana on April 2, 2015. *Id.* ¶ 8. The passport also shows a trip to Port-of-Spain, Trinidad, on December 25, 2011. *Id.* Defendant ultimately was not paid the promised $2,500.00. *Id.* ¶ 7.

### 2. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

---

[1] The identity of the individuals involved are not known to the Court. The numerical assignment to these individuals are taken from the Presentence Investigation Report.

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds that its sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See id.* § 3553(a)(2)(A).

Defendant played a minimal, but integral, part of a drug smuggling conspiracy on more than one occasion, and if she were not detected, it is likely she would have continued smuggling large quantities of cocaine into the United States. Defendant has already admitted to one prior drug trip in April of 2015 and the instant offense occurred shortly after in June of 2015.

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709, at *2. The Court finds the sentence of incarceration imposed necessary to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

The twelve-month-and-one-day term incarceration is necessary to deter Defendant from continuing her practice of smuggling cocaine into the United States. Certainly, the instant offense is Defendant's first interaction with the law, but smuggling more than two kilograms of cocaine into the United States is a serious crime. Moreover, if Defendant was threatened, she should have turned to the police, whether in the United States or Guyana. Instead, Defendant admitted to her crimes only after being caught on her second trip. Incarceration of Defendant

cuts off ties with her coconspirators. Furthermore, the Court's sentence is calculated to demonstrate to Defendant to true costs of engaging in a drug-smuggling enterprise.

The Court's sentence also sends a signal to other individuals similarly situated to Defendant—those individuals willing to abuse their United States citizenship for personal monetary gain. More generally, the Court's sentence increases the cost of "business" for drug-smuggling enterprises by making it more difficult to find drug couriers.

### c. Protecting the Public from Further Crimes of the Defendant

Cocaine poisons our streets. Because of the nature of cocaine, people who use cocaine often develop a "binge pattern"—taking cocaine repeatedly within a short period of time at increasingly higher doses—that often lead to addiction. *See* National Institute on Drug Abuse, *DrugFacts: Cocaine*, DRUGABUSE.GOV (Apr. 2013), https://www.drugabuse.gov/publications/drugfacts/cocaine. As a result, cocaine use is dangerous and may lead to death. *Id.* Moreover, cocaine also threatens the safety of our streets by creating a black market for the illegal drug that fuels itself on violence and the threat of violence.

The Court's sentence not only protects the public by severing the cocaine that would come into the United States through Defendant, but also protects the public by sending a signal to drug traffickers that the risk is not worth the potential reward.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant became a certified medical assistant after completing a one-year program at the New York School for Medical and Dental Assistants. PSR ¶ 40. Since becoming a medical assistant in 2013, Defendant has worked at the Metropolitan Hospital Center in New York, New York. *Id.* ¶ 44. Accordingly, Defendant knows the dangers of the cocaine she smuggled into the

United States, but chose to disregard this knowledge for money. In so doing, Defendant placed her own immediate interests above that of those she would be injuring—those very people she promised to protect in choosing a career in healthcare.

As counsel for Defendant suggests in Defendant's Sentencing Memorandum, Defendant would likely benefit from Cognitive Behavioral Therapy (CBT) or counseling. Def. Sentencing Mem. at 5. Defendant should undergo CBT and counseling to adjust her behavior.

### 3. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Importation of Cocaine, Count One of the Indictment, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3) and 18 U.S.C. §§ 3551 *et seq.* *See* Indictment at 1; Plea Agree. ¶ 1. For this crime, Defendant faces a maximum term of twenty years imprisonment and a mandatory minimum three-year term of supervised release. 21 U.S.C. § 960(b)(3). This statutory minimum, however, does not apply because Defendant satisfies the mitigating factors of 18 U.S.C. § 3553(f). *See* 18 U.S.C. § 3553(f) (listing five factors that must be satisfied for the courts to limit application of statutory minimums).

Furthermore, as a Class C Felony, Defendant is eligible for not less than one nor more than five years of probation with either a fine, restitution, or community service as a condition of probation, unless extraordinary circumstances exist. *Id.* § 3561(c)(1); *id.* § 3563(a)(2). Defendant is also subject to a maximum fine of $1,000,000.00, 21 U.S.C. § 960(b)(3); a mandatory $100.00 special assessment, 18 U.S.C. § 3013; and the cost of prosecution shall be imposed on Defendant, 21 U.S.C. § 844. If Defendant has not cooperated with the Government,

the Court may declare Defendant ineligible for certain federal benefits for up to five years after the first conviction for distribution of a controlled substance. *Id.* § 862.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Defendant violated 21 U.S.C. § 952(a) by importing at least 2 kilograms but less than 3.5 kilograms of cocaine. *See* Plea Agree. ¶ 1. Guidelines § 2D1.1(a)(5) sets a base offense level of twenty-six. U.S. Sentencing Guidelines Manual § 2D1.1(a)(5) (U.S. Sentencing Comm'n 2015) ("U.S.S.G.") (referencing § 2D1.1(c)(7)). A two-level reduction is warranted because Defendant satisfies all five factors of Guidelines § 5C1.2. *Id.* § 2D1.1(b)(17); *see also id.* § 5C1.2 (listing the same five factors as 18 U.S.C. § 3553, *supra*). An additional four-level reduction is warranted because of Defendant's minimal participation in the offense. *Id.* § 3B1.2(a). A further three-level reduction is warranted because of Defendant's acceptance of responsibility. *Id.* § 3E1.1(a).

Taking into account these adjustments, Defendant's total offense level is seventeen. With a criminal history category of I, the Guidelines suggest an imprisonment range of twenty-four to thirty months. The Guidelines also suggest one to three years supervised release and a fine range of $5,000.00 to $1,000,000.00. *Id.* §§ 5D1.2(a)(2), 5E1.2(c)(4), 5E1.2(h)(1). Defendant, however, appears unable to pay a fine within the fine range. Addendum to PSR, ECF No. 16. Furthermore, the applicable Guidelines range falls within Zone D of the Sentencing Table, making defendant ineligible for probation. U.S.S.G. § 5B1.1 cmt. n.2.

The U.S. Probation Department suggests twenty-four months custody and three-years supervised release with one special condition: "The defendant shall not possess a firearm, ammunition, or destructive device." PSR 2d Addendum, ECF No. 18-1. Defense counsel requests "the Court impose a non-guideline sentence of probation and community service." Def. Sentencing Mem. at 7. The Government requests the Court to impose a sentence within the Guidelines range of twenty-four to thirty months. Govt. Sentencing Mem. at 3, ECF No. 19.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement issued by the Sentencing Commission . . . and that . . . is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Pursuant to Guidelines § 5K2.21, the Court considers Defendant's previous importation of cocaine into the United States. U.S.S.G. § 5K2.21. The amount of imported cocaine is unknown. Defendant stated that she was to be paid $2,500.00 for her April 2015 trip. PSR ¶ 7. For Defendant's instant offense, she was to be paid $5,000.00 for at least two kilograms of cocaine. *Id.* ¶ 6. However, because Defendant has not pled guilty to this past trip, the Court merely takes this past trip as a qualitative consideration in its sentencing.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Taking into account Defendant's prior cocaine smuggling trip, along with the other § 3553(a) factors, adequately avoids unwarranted sentence disparities in this case.

## 7. The Need to Provide Restitution

The last § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7), is not relevant to the Court's sentence.

## CONCLUSION

A sentence of twelve months and one day of incarceration, to be followed by one year of supervised release with probation's recommended special condition, and the $100.00 mandatory assessment fee, is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the First and Second Addendums to the Presentence Investigation Report. ECF Nos. 15, 16 & 18.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2016
Brooklyn, New York